UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

FOUNTAIN EQUIPMENT )
FINANCE, LLC )
 )
Plaintiff, )
 )
v. ) No.:   3:24-cv-496-TAV-JEM
 )
ZZ ENERGY, LLC and )
TREY ZIMMERMAN, )
 )
Defendants. )

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff's Motions for Default Judgment, submitted pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, as to both defendants ZZ Energy, LLC, ("ZZ Energy") and Trey Zimmerman [Docs. 19, 20]. For the reasons set forth below, plaintiff's motions [Docs. 19, 20] will be **GRANTED**.

## I. Background

The Court takes as true the factual allegations in the complaint. *Bogard v. Nat'l Credit Consultants*, No. 1:12-CV-2509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013). ZZ Energy entered into seven separate financing agreements with plaintiff for the purchase of various pieces of mining equipment in 2022 and 2023 [Doc. 1 ¶ 5; Doc. 1-1]. Defendant Zimmerman personally guaranteed those agreements [Doc. 1 ¶ 5; Doc. 1-1; Doc. 1-2]. All seven agreements are now in default and, despite a demand for payment, no payments have been made [Doc. 1 ¶ 6]. As of November 15, 2024, the sum of $626,617.87 is due and owing on all seven agreements [Doc. 1 ¶ 7; Doc. 1-2].

On February 13, 2026, plaintiff filed the summons returned executed as to both ZZ Energy and Zimmerman [Docs. 8, 9]. On April 11, 2025, plaintiff applied to the Clerk of Court for an entry of default as to each of these defendants because they failed to respond or otherwise defend in this action [Docs. 11, 12], and the Clerk entered default on May 8, 2025 [Docs. 17, 18]. Plaintiff now seeks a default judgment against both ZZ Energy and Zimmerman [Docs. 19, 20].

## II.    Analysis

Federal Rule of Civil Procedure 55 "contemplates a two-step process for obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Banner Life Ins. Co. v. Columbia State Bank*, No. 3:19-CV-119, 2020 WL 3977635, at *1 (E.D. Tenn. July 14, 2020). "First, pursuant to Rule 55(a), a plaintiff must request from the Clerk of Court an entry of default, describing the particulars of the defendant's failure to plead or otherwise defend." *Id.* If the clerk enters default, "the plaintiff must then move the Court for entry of default judgment pursuant to Rule 55(b)." *Id.* Pursuant to Rule 55(b), a default can be entered by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). But "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

As an initial matter, plaintiff has filed its motions for default judgment pursuant to Rule 55(b)(1) [Docs. 19, 20]. But, in those motions, plaintiff requests attorney fees [*See id.*]. The lease agreements at issue provide that, in the event of any action at law or suit in

equity in relation to the lease, the lessee will pay to the lessor a "reasonable sum for its attorney's fees" [Doc. 1-1, pp. 3, 6, 9, 12, 15, 18, 21]. Because plaintiff's requested amount includes "reasonable" attorney's fees, Clerk cannot enter default under Rule 55(b)(1) as "what constitutes a reasonable fee must be determined by the Court." *See Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021) (quoting *Van Zeeland Oil Co. v. Lawrence Agency, Inc.*, No. 2:09-cv-150, 2009 WL 10678619, at *1 (W.D. Mich. Sept. 28, 2009)) (stating that a reasonable fee is "not a claim for a sum certain or a sum that can be made certain by computation" as required under Rule 55(b)(1)). Further, given that plaintiff has a "mixed" complaint with "both a claim for a sum certain for [] damages that could fall under Rule 55(b)(1), and a claim for reasonable attorney fees which is not a sum certain that must fall under Rule 55(b)(2)[,]" the motion for default judgment must be decided by the Court pursuant to Rule 55(b)(2). *Van Zeeland Oil Co.*, 2009 WL 10678619, at *2. Therefore, plaintiff's motion will be reviewed according to Rule 55(b)(2).

Proceeding under Rule 55(b)(2), after the Clerk has entered default, the court must take the complaint's factual allegations as true. *Bogard*, 2013 WL 2209154, at *3. However, the Court must determine whether the factual allegations "are sufficient to state a claim for relief as to [the] causes of action for which [the] plaintiff seeks default judgment." *J & J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted). Although the Court takes factual

3

allegations regarding liability as true, the plaintiff must prove the amount of damages. *Bogard*, 2013 WL 2209154, at *1.

A.      **Sufficiency of the Complaint**

Although the complaint does not specify, it appears that the allegations therein raise a claim for breach of contract.  [*See* Doc. 1 (setting forth allegations appearing consistent with a breach of contract claim); Doc. 2, p. 1 (indicating the nature of the suit is "other contract").  "In Tennessee, the essential elements of a breach of contract claim are as follows: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *McClanahan v. State Farm Life Ins. Co.*, 660 F. Supp. 3d 728, 737 (W.D. Tenn. Mar. 9, 2023).

Here, plaintiff has alleged that seven enforceable contracts exist, that is the seven separate financing agreements for the purchases of various pieces of mining equipment [Doc. 1 ¶ 5; *see also* Doc. 1-1].  Plaintiff alleges that ZZ Energy was a party to the financing agreements and Zimmerman personally guaranteed each of those agreements [Doc. 1 ¶ 5; *see also* Doc. 1-1].  Next, plaintiff has alleged nonperformance amounting to a breach of contract, that is, that all of the seven agreements are in default, and, despite a demand for payment, no payments have been made on those contracts [Doc. 1 ¶ 6].  Finally, plaintiff has alleged damages caused by the breach of contract, specifically, that a sum of $626,617.87 is due and owing on the seven agreements [Doc. 1 ¶ 7; Doc. 1-2].  Accordingly, the Court finds that plaintiff has sufficiently alleged a claim for breach of contract as to both defendants.

4

### B. Damages and Attorneys' Fees

Although the Court must take as true the factual allegations regarding liability in the complaint, plaintiff must prove the appropriate amount of damages. *Bogard*, 2013 WL 2209154, at *3. In determining damages, "[t]he Court may rely on affidavits [and other materials] . . . without the need for a hearing." *Dirs. of the Ohio Conf. of Plasterers & Cement Masons Combined Funds, Inc. v. Akron Insulation & Supply, Inc.*, No. 5:16-CV-1674, 2018 WL 2129613, at *5 (N.D. Ohio May 8, 2018).

Here, plaintiff seeks default judgment against both defendants in the amount of $630,397.87, which includes attorney's fees in the amount of $3,780.00 [Doc. 19-1; Doc. 19-2, p. 1; Doc. 20-1; Doc. 20-2, p. 1]

### 1. Damages

Plaintiff seeks $626,617.87 in damages based on the unpaid amounts on the seven financing agreements [Doc. 1, p. 2]. In support of this damages request, plaintiff attaches to its complaint the affidavit of Craig Phillipy, the Executive Vice-President of Fountain Equipment Finance, LLC, who states that the "books and records" for ZZ Energy's accounts indicates that ZZ Energy owes plaintiff $626,617.87 for the financing agreements also attached to the complaint [Doc. 1-2].

"The purpose of assessing damages in breach of contract cases is to place the plaintiff as nearly as possible in the same position [it] would have been in had the contract been performed." *BVT Lebanon Shopping Ctr., Ltd. v. Wal-Mart Stores, Inc.*, 48 S.W.3d 132, 136 (Tenn. 2001) (quoting *Lamons v. Chamberlain*, 909 S.W.2d 795, 801 (Tenn. Ct.

App. 1993)). Damages for breach of contract include those directly caused by the breach which "may have reasonably supposed to have entered into the contemplation of the parties." *Id.* (quoting *Simmons v. O'Charley's, Inc.*, 914 S.W.2d 895, 903 (Tenn. Ct. App. 1995)). Plaintiff has sufficiently established that a total balance of $626,617.87 remains owing under the terms of the seven financing agreements at issue in this case [*See* Doc. 1-2]. Accordingly, plaintiff has shown that damages in the amount of $626,617.87 are proper.

### 2. Attorney's Fees & Costs

Plaintiff requests $3,780.00 in attorneys' fees [Doc. 19-2; Doc. 20-2]. Plaintiff substantiates its request with affidavits from plaintiff's attorney [*See id.*]. Plaintiff's attorney states that the contracts at issue in this case provide for the payment of attorney's fees and costs of collection [*Id.*]. Plaintiff's attorney also attaches billing records related to this case [*Id.*].

Despite plaintiff's characterization of the $3,780.00 amount as "attorneys' fees," it appears, from a review of the billing records provided, that only $3,255 of this amount is attributable to "attorneys' fees" while the remaining $525 are more properly characterized as costs, specifically consisting of mailing costs and the filing fee for this action [*See id*]. Of the $3,255 attributable to "attorneys' fees," this amount consists of 8.1 hours at a rate of $350 per hour and 2.10 hours at a rate of $200 per hour [*Id.*].

In determining whether the requested amount of attorney's fees is reasonable, courts often employ the "lodestar method" which is "the proven number of hours reasonably

6

expended on the case by an attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). Twelve factors are considered in determining the reasonableness of hours and the rate:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Id.* at 415–416 (quoting *Reed v. Rhodes*, 179 F.3d 453, 471–72 n.3 (6th Cir. 1999)). However, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Id.* at 416 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).

In determining the appropriate hourly rate to apply, courts "must consider the prevailing market rate in the relevant community for the same type of work at issue." *Brooks v. Invista*, No. 1:05-CV-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citations omitted). For fee purposes, the "relevant community" is the "legal community within the court's territorial jurisdiction or venue." *Id.* (citations omitted). The "prevailing market rate" is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community" *Id.* (citations omitted).

Although plaintiff's counsel has not provided any statement as to his professional experience or years of practice, the Court finds an hourly rate of $350, and $200,

respectively, to be reasonable, particularly in consideration of the Knoxville Bar Association's 2023 Economic & Law Practice Management Survey, which found that 18% of Knoxville attorneys have average hourly rates of $301-$350.  *See* KNOXVILLE BAR ASSOCIATION, ECONOMICS & LAW PRACTICE MANAGEMENT SURVEY 43 (2023), available at https://www.knoxbar.org/?pg=EconomicSurvey2023.  Additionally, defendant has not objected to either of these hourly rates, nor the requested sum in its entirety.

Second, plaintiff seeks to recover $525 in costs [Doc. 19-2; Doc. 20-2]. Specifically, the attached billing records indicate that plaintiff incurred $120 in mailing costs and $405 in filing costs related to prosecuting this action [*Id.*].  The Court finds that these costs are reasonable and substantiated [*See id.*].  Therefore, the Court will award $3,255 in attorneys' fees and $525 in costs.

## III.    Conclusion

For the foregoing reasons, the Court finds plaintiff is entitled to a default judgment as to its breach of contract claim against defendants.  Accordingly, plaintiff's motions [Docs. 19, 20] are **GRANTED**.  The Court will **ORDER** that plaintiff recover from defendants, jointly and severally, a total sum of $630,397.87.  The Clerk of Court will be **DIRECTED** to **CLOSE** this case.  A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE